# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**In re:**

| | |
|---|---|
| **RENEE DENISE RANKINS, a/k/a RENEE D. RANKINS, a/k/a RENEE RANKINS,** | Case No.: 8:22-bk-01276-CPM<br>Chapter 7 |
|     **Debtor.**<br>_____/ | |
| **ANGELA WELCH, as Chapter 7 Trustee of the estate of RENEE DENISE RANKINS, a/k/a RENEE D. RANKINS, a/k/a RENEE RANKINS,** | Adv. No.: _____ |
|     **Plaintiff,** | |
| **v.** | |
| **NISWI, LLC,<br>a tribal limited liability company,<br>d/b/a LENDUMO,** | |
|     **Defendant.**<br>_____/ | |

### COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES

**COMES NOW** Plaintiff, Angela Welch, the Chapter 7 Trustee of the bankruptcy estate of Renee Denise Rankins, a/k/a Renee D. Rankins, a/k/a Renee Rankins, by and through the undersigned law firm, and sues Defendant, Niswi, LLC, a tribal limited liability company, d/b/a Lendumo, and alleges as follows:

### PRELIMINARY STATEMENT

1.    On or about March 30, 2022 (the "Petition Date"), the Debtor, Renee Denise Rankins, a/k/a Renee D. Rankins, a/k/a Renee Rankins, filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in this Court.

2. Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

3. The Court has jurisdiction and it is proper for this Court to hear this proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(O), and the standing Order of Reference of the United States District Court entered by Hon. Anne C. Conway on February 22, 2012, 12-MISC-26, Middle District of Florida, referring all Bankruptcy matters to United States Bankruptcy Court, Middle District of Florida.

## PARTIES

4. Plaintiff, Angela Welch ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Renee Denise Rankins, a/k/a Renee D. Rankins, a/k/a Renee Rankins ("Rankins" or "Debtor"). Rankins is a natural person resident in the City of Wesley Chapel, County of Pasco, State of Florida, where the causes of action arose and is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and Fla. Stat. § 559.55(8), and is a "person" under Fla. Stat. § 559.72.

5. Defendant, Niswi, LLC, a tribal limited liability company, d/b/a Lendumo, together with its collecting agents ("Defendant" or "Lendumo"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(5), and is a "person" under Fla. Stat. § 559.72.

6. All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious

disregard of the rights and safety of others. The conduct alleged herein was harassing, oppressive, and abusive, and done knowingly with intent, with malice, and without cause.

7. The Defendant's communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor was given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly communicating to the Defendant to stop calling Debtor.

8. The Defendant's communications set forth below are wholly without excuse.

9. At all times mentioned herein, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

## FACTUAL ALLEGATIONS

10. Debtor is alleged to owe Defendant debts (the "Alleged Debt"), including without limitation, a debt on Schedule F of the Debtor's bankruptcy schedules bearing account number ending 5758 in the amount of $2,700.00.

11. The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on May 3, 2022.

12. Defendant made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2022 through March 29, 2022 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

13. It was the substance of the testimony of the Debtor, <u>sworn and under oath</u> at the 341 Hearing, that:

a) Defendant made three Collection Calls to Debtor's cell phone each day, every day of the week.

b) Defendant made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt.

c) Defendant made Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone.

d) Debtor retained counsel, Brooks Richard Siegel, Esq., in February 2022 to represent Debtor regarding the Alleged Debt.

e) Defendant made Collection Calls to Debtor after Debtor retained counsel, informed Defendant of retained counsel, and provided counsel's contact information.

14. Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2022 through March 29, 2022 to Debtor attempting to collect the Alleged Debt; (2) made three Collection Calls to Debtor's cell phone each day, every day of the week; (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; and (5) made Collection Calls to Debtor after Debtor retained counsel Brooks Richard Siegel, Esq., in February 2022, informed Defendant of retained counsel, and provided counsel's contact information.

## COUNT I

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO DEFENDANT LENDUMO

15. This is an action against Defendant for violations of Fla. Stat. § 559.55 *et seq*.

16. Plaintiff realleges and incorporates paragraphs 1 through 14, as if fully set forth herein.

17. Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

18. The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(6).

19. Defendant communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(2).

20. Fla. Stat. § 559.72 (7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

21. Defendant violated Fla. Stat. § 559.72(7) when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2022 through March 29, 2022 to Debtor attempting to collect the Alleged Debt; (2) made three Collection Calls to Debtor's cell phone each day, every day of the week; (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; and (5) made Collection Calls to

Debtor after Debtor retained counsel Brooks Richard Siegel, Esq., in February 2022, informed Defendant of retained counsel, and provided counsel's contact information; all of which is a willful communication with the Debtor with such frequency that Defendant could reasonably expect such communication to harass Debtor, or which is a willful engagement by Defendant in other conduct, which could reasonably be expected to abuse or harass Debtor.

22. Fla. Stat. § 559.72 (9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) … assert the existence of some other legal right when such person knows that the right does not exist.

23. Defendant violated Fla. Stat. § 559.72(9), second half, when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2022 through March 29, 2022 to Debtor attempting to collect the Alleged Debt; (2) made three Collection Calls to Debtor's cell phone each day, every day of the week; (3) made Collection Calls to Debtor's cell phone after Debtor told Defendant that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor's cell phone after Debtor told Defendant to stop calling Debtor's cell phone; and (5) made Collection Calls to Debtor after Debtor retained counsel Brooks Richard Siegel, Esq., in February 2022, informed Defendant of retained counsel, and provided counsel's contact information; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, by unfair and deceptive practices, which are rights Defendant knows do not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

24. Plaintiff is aware that this Court's interpretation of Fla. Stat. § 559.72(9) differs from its own, but is including this allegation in order to preserve its appellate rights.

25.     Fla. Stat. § 559.72 (18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

26.     Defendant violated Fla. Stat. § 559.72(18) when Defendant (1) made multiple Collection Calls each day, on multiple days, in multiple weeks, over multiple months, including without limitation from January 1, 2022 through March 29, 2022 to Debtor attempting to collect the Alleged Debt; and (2) made Collection Calls to Debtor after Debtor retained counsel Brooks Richard Siegel, Esq., in February 2022, informed Defendant of retained counsel, and provided counsel's contact information; which is a communication with Debtor by Defendant where Defendant knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

27.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

28.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

29. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against the Defendant finding that the Defendant violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary or appropriate.

Dated: July 28, 2022

Respectfully Submitted,

**LASH WILCOX & GRACE PL**
2202 West Shore Blvd., Suite 200
Tampa, FL 33607
Phone: 813.639.4205
Facsimile: 813.639.7501

_/s/ Thomas A. Lash
**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashwilcoxandgrace.com
Attorney for the Trustee